IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEREMIAH McCARTER,<br>No. 2015-1203249,<br><br>   Plaintiff,<br><br>vs.<br><br>ANTHONY MAYWEATHER, and<br>PATTI MARKS,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)  Case No. 16-cv-00123-MJR<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Jeremiah McCarter is a pretrial detainee housed in the Cook County Jail. Pursuant to 42 U.S.C. § 1983, Plaintiff brings this action regarding events at the Choate Developmental Center ("Choate") in Anna, Illinois. Choate is a state-operated facility principally serving individuals with developmental disabilities, but also housing people for other state agencies. It is unknown why Plaintiff was housed at Choate.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not

plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### The Complaint

The *pro se* complaint names Anthony Mayweather and Patti Marks as defendants, but they are not mentioned in the complaint. Section 1983 creates a cause of action based on personal liability and predicated upon fault. "[T]o be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Consequently, the complaint must be dismissed for that reason alone.

The complaint is disjointed, but it is clear that Plaintiff is taking issue with name-calling, lack of respect paid to him, and the seemingly unjustified revocation of credits or "points" earned for progress and good behavior—all of which Plaintiff characterizes as abuse. As pleaded, no constitutional claim is clearly stated.

The complaint indicates that supplemental state law claims are also asserted. Since Mayweather and Marks are not mentioned in the complaint, no claim is stated. Furthermore, without a viable constitutional claim, there is no basis for jurisdiction under Section 1983 and, therefore, no basis for accepting a supplemental state law claim under 28 U.S.C. § 1367.

Lastly, it is noted that Plaintiff's request for injunctive relief appears to be moot, now that McCarter is no longer housed at Choate.

The complaint will be dismissed without prejudice and Plaintiff will be given an opportunity to file an amended complaint. The Court must determine whether "the guiding hand of counsel" is necessary to investigate and adequately articulate a claim, if there is one to be made. *Childress v. Walker*, 787 F.3d 433, 443 (7th Cir. 2015).

When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). If so, the Court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). "The question ... is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*.

The Court infers from the complaint that Plaintiff has or had unspecified developmental disabilities and/or mental illness, and he has been "restored to fitness" and found fit for trial. In any event, a narrative thread definitely runs through the complaint. Documents included within the complaint indicate Plaintiff has made similar complaints to state oversight authorities. The Court perceives that Plaintiff can, at a minimum, draft an amended complaint that either reframes the allegations against the individuals mentioned in his narrative, or clarifying the role of Mayweather and Marks. Therefore, the Court will not *sua sponte* assign counsel at this time.

### Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, the complaint, and Defendants **ANTHONY MAYWEATHER and PATTI MARKS**, are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that, on or before **March 31, 2016**, Plaintiff may file an amended complaint. Failure to file an amended complaint may result in the dismissal of this action with prejudice and the assessment of a "strike" pursuant to 28 U.S.C. § 1915(g).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: February 25, 2016

                                                 s/ *Michael J. Reagan*
                                                 **MICHAEL J. REAGAN**
                                                 **CHIEF JUDGE**
                                                 **UNITED STATES DISTRICT COURT**